E-FILED
Tuesday, 28 August, 2018  03:36:46 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB DONLEY, and RANDY WILLIAMS, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No.: 18-cv-1136-JBM |
| ) | |
| JUSTIN HAMMERS, et. al., ) | |
| ) | |
| Defendants. ) | |

## MERIT REVIEW ORDER

Plaintiffs Bob Donley and Randy Williams, proceeding *pro se*, pursue a § 1983 action alleging retaliation, interference with access to the courts, and violations of due process at the Illinois River Correctional Center ("IRCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

The Plaintiffs' fifty-nine page complaint is a confusing narrative asserting claims brought on their own behalf, and on the behalf of others. The Court has spent an inordinate amount of time to discern Plaintiffs' claims which it identifies as follows:

1

Plaintiff Donley

In December 2017, Plaintiff Donley received a Chicago Tribune newspaper article, not otherwise identified, from Plaintiff Williams. Donley asked IRCC law library employee, Defendant Boyer, to photocopy it, and she refused. On a subsequent date, Defendant Boyer refused Donley's request for "a legal copy of Warden Hammer's [allegedly] retaliatory new memo called Law Library Copying Policy #2018-02." Donley claim is that he needs the memo to prove his claims in this case, and that Defendant Boyer does not have the authority or the training to tell him what he may or may not put in his Court Paperwork. Plaintiff also asserts that Defendant Boyer does not have sufficient training to assist the inmates.

Plaintiff Donley's allegations as to the Warden's Memo may be considered as a claim of interference with his future access to the Courts, in the absence of any allegation he is involved in any pending litigation other than this litigation. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *May v. Sheahan*, 226 F.3d 876, 883 (7th Cir. 2000) (an access to courts claim only arises if Plaintiff suffered an "actual injury" from the inability to pursue a nonfrivolous claim.) Under these circumstances, it is difficult to discern whether Plaintiff has sustained an injury. While it is unclear what Plaintiff means by a "legal copy" of the Memo, or its significance to his claims here, he might be able to successfully allege that he suffered detriment due to Ms. Boyer's failure to provide it. This claim, however, is the only claim asserted against Defendant Boyer and is unrelated to the retaliation and due process claims asserted against the other Defendants. As a result, it represents an impermissible misjoinder. *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007), "[u]nrelated claims against different defendants belong in different suits." The access to courts claim is DISMISSED, and Defendant Boyer is DISMISSED as a party.

When Plaintiff Williams learned that Defendant Boyer had refused to make copies for Donley, he wrote letters of complaint to Defendant Hammers. Plaintiff Donley reviewed and rewrote the letters, and Williams signed them. In January 2018, Plaintiffs were called to internal affairs regarding the letters written by Donley and signed by Williams. On January 15, 2018, Defendant Markley wrote Plaintiff Donley a disciplinary tickets for "201-concealment of identity; 204-forgery; 406-trading and trafficking." Plaintiff was found guilty by Defendant Johnson at Adjustment Committee hearing. He received a demotion to B grade and one month commissary restrictions.

Plaintiff makes the conclusory statement that he was found guilty without due process, without identifying any due process violation. Even if Plaintiff is insinuating that the disciplinary ticket was false, an allegation of a false disciplinary report does not state a viable claim where the inmate received procedural due process protections in its disposition. *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984). Furthermore, the harm he allegedly suffered, a demotion in grade, does not implicate a protected liberty or property interest. *See Kervin v. LaClair*, 787 F.3d 883 (7th Cir. 2015) (sentence of one month in segregation and denial of telephone and commissary privileges were not liberty interests requiring due process). *See also, Zimmerman v. Tribble*, 226 F.3d 568, 572 (7th Cir 2000) (discipline which does not involve the loss of good time credits does not implicate a liberty interest). This claim is DISMISSED.

Plaintiff Donley also asserts that Defendant Markley wrote the above-described tickets for a retaliatory purpose. This, even though Plaintiff Donley admittedly authored the letters which were signed by Williams. He also claims that Defendant Markley wrote him a false Transfer of Funds ticket after he solicited a $100 donation from a church. Plaintiff identifies nothing to support that the tickets were written for a retaliatory purpose, rather than in response

to rules violation. Retaliation will not be presumed in the writing of a disciplinary ticket. *Bramlett v. Isaacs*, No. 13-1177, 2013 WL 6511720, at *5 (S.D. Ill. Dec. 12, 2013) (no retaliation where plaintiff was issued a ticket for failing to follow the rules). The prisoner must allege a chronology of events from which retaliation may plausibly be inferred." *Id.* at *5. These claims are DISMISSED, though Plaintiff will be given an opportunity to replead.

Plaintiff Donley also asserts that he has been subjected to retaliation in the form of monthly shakedowns when shakedowns are normally done only once in 60 days. Here, again, he offers nothing to support that the shakedowns were motivated by retaliation. *See Bridges v. Gilbert,* 557 F.3d 541, 552 (7th Cir. 2009) (plaintiff must establish that his protected activity was "a motivating factor" in the Defendants' decision to retaliate. This claim is DISMISSED as overly vague, though Plaintiff will have an opportunity to replead.

Plaintiff Donley complains that Spanish-speaking inmates are not provided classes. He does not assert, however, that he is a Spanish-speaking inmate or has suffered any personal detriment as a result. Donley makes another unrelated claim, that Defendant Boyer confiscated the legal paperwork of another inmate, Tremaine Williams. He also claims that inmates with mental health issues are not properly treated. Plaintiff does not claim, however, that he has been denied mental health services. Plaintiff, however is a non-lawyer and may not assert claims on behalf of another. *See* 28 U.S.C. §1654; *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986)(per curiam). These allegations are STRICKEN with prejudice.

Plaintiff Donley asserts, further, that Defendant Markely would not move his gay cellmate, even though he knows that Plaintiff Donley "hates gay people." Plaintiff Donley also claims that he is not allowed to help other inmates, presumably with their legal work. *Shaw v. Murphy,* 532 U.S. 223 (2001) (inmates do not have a First Amendment right to provide legal

4

assistance to other inmates. None of these allegations, however, assert a colorable constitutional violation and they are STRICKEN with prejudice.

Plaintiff Williams

Plaintiff Williams complains that on February 18, 2018, Defendant Coonradt subjected him to a shakedown. Plaintiff asserts that he had been shaken down the previous month and shakedowns are only "allowed" every 60 days. He claims that Defendant Coonradt told him that Defendant Markley had ordered it, due to Plaintiff "getting involved in others' lawsuits." This, however, is too vague to plead that Plaintiff, himself, had engaged in protected activity and was suffering retaliation for it. *See Bridges*, 557 F.3d at 555 (threatening to file a lawsuit is not a protected First Amendment activity for purposes of a retaliation claim). This claim is DISMISSED.

Plaintiff Williams alleges that Defendant Coonradt wrote him false tickets for 308-Contraband or unauthorized property, 303-Giving false information, and 304 Insolence. Plaintiff also claims that Defendant Coonradt forged Officer Moymont's signature as a witness to the events. The ticket was heard on March 1, 2018, and Plaintiff was found guilty, receiving one month demotion to B grade. Without allegations showing a retaliatory motive in the writing of the ticket, Plaintiff fails to state a cause of action where he was given his procedural due process rights at the dispositional hearing. As it is not clear whether Plaintiff is attempting to allege retaliation, a due process violation, or some other violation, this claim is DISMISSED with leave to replead.

Plaintiff claims that Defendant Johnson has a personal relationship with Nurse Practitioner Brittany Beard, not a party. He alleges, in conclusory fashion, that Defendant Markley, will retaliate against inmates who upset Ms. Beard, all in support of Defendant

5

Johnson. Any such acts of retaliation, however, would be in response to upsetting Ms. Beard, not necessarily constitutionally protected activity. Furthermore, Plaintiff Williams does not allege that any of this retaliation was directed at him. This claim is DISMISSED with prejudice.

Plaintiff Williams asserts that Defendant Hammers has an "illegal clothing policy." He claims that IDOC saves money by altering prisoners clothing, but then cites them for wearing altered clothing. Plaintiff does not provide enough detail, however, for the Court to properly evaluate this claim. Even if it were otherwise, this claim is unrelated to the underlying retaliation claim and is DISMISSED for misjoinder.

Plaintiffs assert, generally, that Warden Hammers, Warden Baca (not identified as a defendant), Major Keithley (not identified as a defendant) and Officer Markley have all allowed "the harassment to continue", without more. This claim is too general and unsubstantiated to go forward. Plaintiffs' claims that Warden Hammers did not respond to their letters also fails. *Norington v. Daniels,* No. 11- 282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011) ("[s]imply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction). *See also, Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot establish personal involvement, and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.)

**IT IS THEREFORE ORDERED:**

1) Plaintiffs' complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff Donley will have 30 days from the entry of this order to file an amended complaint to replead his claims against Defendant Markley concerning the January 15, 2018 tickets and the Transfer of Funds ticket; and that he has been

subjected to monthly shakedowns in retaliation for a First Amendment exercise. Plaintiff Williams will have 30 days from the entry of this order to file an amended complaint to more particularly plead his claims against Defendant Coonradt concerning the allegedly false tickets for 308-Contraband or unauthorized property, 303-Giving false information, and 304 Insolence. Defendants Hammers, Pirtle, Boyer, Johnson and Moyont are DISMISSED.

2) Plaintiffs are given leave to file an amended complaint within 30 days and are to caption it "Amended Complaint." The amended complaint is to include Plaintiffs' surviving claims without reference to a prior pleading and is to stand complete on its own. Failure to file the amended complaint will result in the dismissal of this action.

3) Plaintiffs file [7] and [8], motions for recruitment of *pro bono* counsel, attaching copies of letters ostensibly sent to prospective counsel Plaintiffs do not, however, include any copies of the response or declination letters they received. [7] and [8] are DENIED, at this time, as they do not document that Plaintiffs made a good faith effort to secure counsel on their own. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). In the event Plaintiffs renew their motions, they are to provide copies of the letters sent to, and received from, prospective counsel.

ENTERED: 8/28/2018            s/Joe Billy McDade
                                               JOE BILLY McDADE
                                UNITED STATES DISTRICT JUDGE