UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| BOB DONLEY, and RANDY WILLIAMS, | ) |
| Plaintiffs, | ) |
| v. | ) No.: 18-cv-1136-JBM |
| JUSTIN HAMMERS, et. al., | ) |
| Defendants. | ) |

## MERIT REVIEW – AMENDED COMPLAINT

Plaintiffs Bob Donley and Randy Williams, proceeding *pro se*, file an amended complaint under § 1983, alleging retaliation and violations of due process at the Illinois River Correctional Center ("IRCC"). The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013)(citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In December 2017, Plaintiff Williams gave a Chicago Tribune newspaper article to Plaintiff Donley who asked IRCC law library employee Boyer to photocopy it. Ms. Boyer allegedly refused to do so and when Plaintiff Williams learned of it, he wrote a grievance of the matter. At Plaintiff Williams' request, Plaintiff Donley reviewed the grievance, edited and re-wrote it. Plaintiff Williams signed the edited copy. The grievance was sent to Defendant

1

Hammers who forwarded it to Officer Pirtle, not named as a party, who allegedly responded "with lies." Plaintiff Williams filed another grievance on January 9, 2018, not particularly identifying it.

On January 11, 2018, Plaintiffs were called to internal affairs regarding the letters written by Donley and signed by Williams. On January 15, 2018, Defendant Markley wrote Plaintiff Donley a disciplinary tickets for "201-concealment of identity; 204-forgery; 406-trading and trafficking." Several days later, Defendant Johnson found Plaintiff Donley guilty at the Adjustment Committee hearing, demoted him to B grade and sentenced him to one-month commissary restrictions.

Plaintiff Donley asserts that the disciplinary charges filed by Defendant Markley were false and done in retaliation for his helping Plaintiff Williams file the grievance. Plaintiff, in essence, claims that that he was retaliated against for engaging in protected activity, helping another file a grievance. To successfully state a retaliation claim, Plaintiff must demonstrate that he suffered retaliation for exercising a constitutionally protected right. *Pearson v. Welborn*, 471 F.3d 732, 738 (7th Cir. 2006) (internal citation omitted). Plaintiff, however, does not have a "constitutional right to be a 'jail house lawyer,' and his writings related to jail house lawyering are not afforded any greater protections than other inmate-to-inmate communications." *Koger v. Snyder*, 252 F. Supp. 2d 723, 727 (C.D. Ill. 2003) quoting *Shaw v. Murphy,* 532 U.S. 223, 226, (2001) ("inmates do not have 'First Amendment right to provide legal advice that enhances the protections' otherwise available under *Turner*.")[1] As a result, Plaintiff Donley did not have a protected interest in aiding Plaintiff Williams and therefore fails to identify any protected First Amendment activity, and fails to state a retaliation claim.

---

[1] *Turner v. Safley,* 482 U.S. 78 (1987).

Plaintiff Donley claims that his due process rights were violated in the disciplinary process as Defendant Markley allegedly did not undertake an adequate investigation. He also claims that Lt. Robbie Johnson who presided at the disciplinary hearing with Lt. Johnson, had a conflict of interest as he and Lt. Johnson are related. In order to state a claim for a violation of procedural due process rights, a plaintiff must first identify a constitutionally recognized interest in liberty or property of which he was deprived. *Domka v. Portage County*, 523 F.3d 776, 779–80 (7th Cir. 2008) ("An essential component of a procedural due process claim is a protected property or liberty interest."); *accord DeTomaso v. McGinnis*, 970 F.3d 211, 212 (7th Cir. 1992).

Here, the injury that Plaintiff Donley suffered was being demoted to B grade and losing one month of commissary privileges. Plaintiff had previously been advised in the Court's merit review order, that these conditions do not implicate a cognizable liberty or property interest. *Zimmerman v. Tribble,* 226 F.3d 568, 572 (7th Cir. 2000) (segregation and transfer do not implicate liberty interest); *Thomas v. Ramos,* 130 F.3d 754, 762 n. 8 (7th Cir. 1997) (demotion to C grade status doesn't implicate constitutional interest). As a result, Plaintiff Donley fails to state a cognizable due process claim. *See Brokaw v. Mercer Co.,* 235 F.3d 1000, 1020 (7th Cir. 2000)(due process required only if a constitutional interest is at stake). This claim is DISMISSED with prejudice.

Plaintiff Donley makes an unrelated claim that on July 9, 2018, Defendant Markley shook down his cell based on facts fabricated by other inmates who were acting as "snitches." During the shakedown Defendant confiscated a grievance signed by inmate Sarabia and a shakedown slip signed by co-Plaintiff Williams. He subsequently wrote Plaintiff Donley tickets for "possession or solicitation of unauthorized personal information" and "contraband or

unauthorized property." The matter went to Adjust Committee hearing and Plaintiff was found guilty, receiving a demotion to B grade and 15 days of gym restrictions.

The July 9, 2018 shakedown, however, is unrelated to the December 2017 and January 2018 claims regarding the grievance edited by Plaintiff Donley and signed by Plaintiff Williams. "[D]efendants are properly joined in a single action only if they are parties to a single transaction or occurrence common to all defendants, and the claims against them involve a common question of fact or law." *Ghashiyah v. Frank*, 05-C-0766, 2008 WL 680203, at *2 (E.D. Wis. Mar. 10, 2008). If Plaintiff wishes to pursue this claim, he must file it as a separate action with responsibility for the attendant filing fee. Plaintiff is placed on notice, however, that the demotion to B grade and gym restrictions do not appear to implicate a liberty or property interest which would require procedural due process.

Plaintiff Williams also asserts a claim regarding the February 18, 2018 shakedown of his cell undertaken by Defendant Coonradt. Plaintiff asserts that the cell had been shaken down the previous month and shakedowns are only "allowed" every 60 days. He claims that Defendant Coonradt told him that Defendant Markley had ordered it, due to Plaintiff "getting involved in others' lawsuits." Here, however, Plaintiff fails to identify a protect interest as he has no constitutional right to involvement in the lawsuits of other prisoners. *See Shaw,* 532 U.S. at 226 (inmate does not have a First Amendment right to provide legal advice to another). This claim is DISMISSED.

Plaintiff Williams also asserts that the shakedowns were undertaken not for a legitimate penological purpose but rather to harass or humiliate him. It is widely recognized that prisoners do not have the same expectation of privacy as members of the general public. "A prison shares none of the attributes of privacy of a home, an automobile, an office, or a hotel room.... We

4

strike the balance in favor of institutional security, which we have noted is central to all other corrections goals...." *Burge v. Murtaugh*, No. 07-0336PS, 2007 WL 4335461, at *2 (N.D. Ind. Dec. 7, 2007) quoting *Hudson v. Palmer,* 468 U.S. 517, 527-28 (1984). The search of a prisoner, however, becomes unconstitutional only where maliciously motivated, unrelated to institutional security, and totally without penological justification. *Whitman v. Nesic,* 368 F.3d 931, 934 (7th Cir.2004); *Calhoun v. Detella,* 319 F.3d 936, 939 (7th Cir.2003). Here, Plaintiffs have not made any credible allegations that the cell searches were motivated by, or performed in a manner, which evidenced a desire to harass and humiliate them. This claim is DISMISSED.

Plaintiff Williams claims that Defendant Coonradt "destroyed" his cell and that it took him two hours to clean up the mess. He also claims that Defendant wrongly asserted that his coat had been altered, confiscated it, and that he had to pay for another. Plaintiff's claim as to the intentional, unauthorized deprivation of personal property does not amount to a constitutional violation if there is an adequate state post-deprivation remedy available. *Hudson v. Palmer,* 468 U.S. 517, 533 (1984); *Murdock v. Washington,* 193 F.3d 510, 513 (7th Cir. 1999), *cert. denied,* 529 U.S. 1134 (2000). The State of Illinois provides an adequate post-deprivation remedy in the Illinois Court of Claims. *Stewart v. McGinnis,* 5 F.3d 1031, 1035-36 (7th Cir. 1993). As a result, this claim against Defendant Coonradt is DISMISSED with prejudice.

Plaintiff Williams alleges that Defendant Coonradt wrote him false tickets for 308-contraband or unauthorized property, 303-giving false information, and 304 – insolence, and did so in retaliation for his asking Donley to rewrite his grievances. Plaintiff was found guilty, receiving one-month demotion to B grade. Here, Plaintiff does not claim that he suffered retaliation for filing a grievance, but rather, that he suffered retaliation for asking another to write his grievance. While Plaintiff has a protected interest in filing grievances, he offers nothing to

5

support that he has a protected interest in having others do it for him. As a result, Plaintiff Williams fails to identify a protected First Amendment activity which lead to the retaliation. This claim is DISMISSED.

Plaintiffs claim that Defendant Hammers is liable for the alleged retaliation as grievances were directed to him and he had "apparent knowledge of the situation." Here, however, Plaintiffs have failed to plead a cognizable claim of retaliation. Furthermore, as Plaintiffs were previously instructed, ("[s]imply receiving correspondence from a prisoner" does not make a prison official liable for the alleged infraction). *Norington v. Daniels,* No. 11- 282, 2011 WL 5101943, at *2–3 (N.D. Ind. Oct. 25, 2011). *See also, Diaz v. McBride*, 1994 WL 750707, at *4 (N.D. Ind. Nov. 30,1994) (a plaintiff cannot establish personal involvement and subject a prison official to liability under section 1983, merely by sending the official various letters or grievances complaining about the actions or conduct of subordinates.) Defendant Hammers is DISMISSED.

**IT IS THEREFORE ORDERED:**

Plaintiffs' amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiffs will have 30 days in which to file a second amended complaint which complies with this order. It is to be captioned "Second Amended Complaint" and is to state all of Plaintiffs' claims against Defendants. Plaintiffs are not to replead claims which have been dismissed with prejudice. Failure to file a second amended complaint will result in the dismissal of this case without prejudice.

ENTERED: 4/24/2019            s/ Joe Billy McDade
                              JOE BILLY McDADE
                              UNITED STATES DISTRICT JUDGE